### UNITED STATES v. JERRY BOY.

(Fourth Division.  Flat.  July 13, 1921.)

No. 71–I.

**Grand Jury ⬅25—Courts—Judicial Divisions—Indictments.**

The defendant was indicted on June 22, 1921, by the grand jury at Flat, Alaska, in the Fourth judicial division, for the crime of burglary, alleged to have been committed by him on January 24, 1921, at Bethel, then in the Second judicial division. On demurrer to the indictment that the court is without jurisdiction because the grand jury in the Fourth division had no jurisdiction to indict the defendant for a crime committed in the Second division, *held* that, while Alaska is divided into several judicial divisions, with an established district court in each, the jurisdiction of each court extends over the whole territory of Alaska, and is not confined to any one division, and that a grand jury is any division in Alaska may indict a person for a crime committed anywhere within the territory, and in any division, and opinion in the case of United States v. Beasly, 2 Alaska, 93, is not approved.

R. F. Roth, U. S. Atty., of Fairbanks.
Albrecht & Taylor, of Iditarod, for defendant.

BUNNELL, District Judge. The defendant was indicted June 22, 1921, at Flat, Alaska, and within the Fourth judicial division, by a grand jury, for the special June, 1921, term of the district court. The offense charged is burglary alleged to have been committed at Bethel, Alaska, on the 24th day of January, 1921, on which date Bethel was within the Second judicial division. Prior to the finding of this indictment the boundaries of the Second, Third, and Fourth judicial divisions were changed by act of Congress, and Bethel is now within the Fourth judicial division.

The ground of the demurrer necessary for consideration is that "this court has no jurisdiction over the person of the defendant or of the subject matter of this action." In support of defendant's contention there is cited United States v. Beasly, 2 Alaska, 93. The able opinion and argument delivered by the court in that case shows many cogent reasons for changing the law, but reasons for changing the law are not sufficient to effect such a purpose. The court holds that:

"The territory of Alaska is divided into three judicial districts. Congress has provided a district court for each district. Each court has power to call grand juries to inquire into and return indictments for crime. Held, that the grand jury of one district has no jurisdiction to return indictments against persons accused of committing crimes in another district."

Our statute is very plain on this subject. Section 363 of the Compiled Laws of Alaska establishes a district court for the district of Alaska, outlines its jurisdiction, and divides the court into four divisions. Section 365 provides that the jurisdiction of each division of the court shall extend over the district of Alaska. Section 2119, among other things, provides:

"That but one grand jury shall be summoned in each division of the court to inquire into all offenses committed or triable within said district."

And section 2122, on the subject of the powers and duties of the grand jury, says:

"That the grand jury have power, and it is their duty, to inquire into all crimes committed or triable within the jurisdiction of the court, and present them to the court, either by presentment or indictment, as provided in this act."

There is no question about the meaning of the very plain language used in the above sections. Congress undoubtedly intended just what it said. As a matter of fact it seldom hap-

pens that it is necessary or expedient for a grand jury in one division to make inquiry concerning any crime committed or triable in another division, and it has been the custom of the judges in the territory to limit the scope of investigation of a grand jury to the particular division of the court from which it was impaneled. Such a limitation is not required, and if it transpires that a crime is committed in one division, and it is more convenient and more expedient that the investigation concerning the same be had in another division, our statute wisely permits such a procedure. Our own Circuit Court has decided that it appears from the sections above that it was the intention of Congress to give to each division of the court jurisdiction over the whole district. Griggs v. United States, 158 Fed. 574, 85 C. C. A. 596.

It is argued by counsel for the defendant that this court has no jurisdiction over the person of an Alaskan aborigine charged with the offense of burglary. In enacting the Criminal Code for Alaska it is provided by the act of March 3, 1899, that:

"The penal and criminal laws of the United States of America and the procedure thereunder relating to the district of Alaska shall be as follows." Compiled Laws of Alaska 1913, p. 648.

Burglary is one of the offenses designated in the Criminal Code. No special procedure is provided for the trial of an Alaskan aborigine. The court has jurisdiction. In re Sah Quah (D. C.) 31 Fed. 327; Kie v. United States (C. C.) 27 Fed. 351; Gon-shay-ee, Petitioner, 130 U. S. 343, 9 Sup. Ct. 542, 32 L. Ed. 973.

The demurrer is overruled.

⬤⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes